# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RUPERT PENA CASIANO**

**VERSUS**

**JEFF LANDRY**

**CIVIL ACTION**

**NO. 21-632-BAJ-SDJ**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT**.

Signed in Baton Rouge, Louisiana, on July 27, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RUPERT PENA CASIANO**

**VERSUS**

**JEFF LANDRY**

**CIVIL ACTION**

**NO. 21-632-BAJ-SDJ**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* R. Doc. 8.

**Failure to Correct Deficiencies**

Petitioner filed his original application on October 26, 2021. *See* R. Doc. 1. A deficiency notice was sent to Petitioner, instructing him to resubmit his application on an approved form and to either pay the filing fee or submit a motion to proceed in forma pauperis with a statement of account. *See* R. Doc. 2. The deficiency notice was returned as undeliverable and was resent to the petitioner at his new address. *See* R. Docs. 3 and 4. Petitioner failed to comply with the Court's deficiency notice, and this matter was dismissed on January 17, 2023. *See* R. Docs. 5 and 6. On January 23, 2023, Petitioner filed an Amended Petition, and this proceeding was reopened. *See* R. Docs. 8 and 12. Within the Amended Petition are one page of a motion to proceed in forma pauperis and an incomplete statement of account that has not been signed by an authorized officer. *See* R. Doc. 8, p. 16 and 32. Due to Petitioner's failure to submit the forms as directed in the deficiency notice, his petition should be dismissed, without prejudice.

## Ongoing State Criminal Proceedings

Additionally, Petitioner has not yet been convicted[1]. As such he is a pretrial detainee. A pretrial petition challenging ongoing state criminal proceedings is properly brought under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing petition filed to seek release from pending state criminal proceeding as brought under § 2241 rather than § 2254); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *Montes v. Cornyn*, 4:02-cv-790, 2002 WL 31495972, at *2 (N.D. Tex. Nov. 5, 2002). This Court may construe the petition herein as seeking relief under § 2241.

A state pretrial detainee is entitled to raise constitutional claims in a § 2241 proceeding if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson*, 816 F.2d at 224. Petitioner, who remains incarcerated at the St. Tammany Parish Jail on the pending criminal charges, is "in custody" for purposes of § 2241.

Second, the petitioner must have exhausted his available state remedies. *See Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted if the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489–92 (1973). Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Louisiana, this requires that the claims be presented to the Louisiana Supreme Court in a procedurally proper manner. *See Deters*, 985 F.2d at 795; *Richardson*, 762 F.2d at 432.

---

[1] Various attachments to Petitioner's Amended Petition indicated that he had not yet been convicted, and this was verified with the St. Tammany Parish Clerk of Court minute clerk for Division B on June 15, 2023. Additionally, the date provided by Petitioner as the date of his conviction is actually the date he was arrested.

Petitioner's Amended Petition indicates that he is still seeking relief in the state trial court. No records could be located showing that Petitioner has sought higher review of any issue in the Louisiana Court of Appeal for the First Circuit or the Louisiana Supreme Court. As such, Petitioner's claims are unexhausted.

A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795 (citations omitted). "[D]erailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *See Braden*, 410 U.S. at 493.

Petitioner does not allege that he fully exhausted his claims through the Louisiana Supreme Court. Nor has Petitioner shown that he should be excused from the exhaustion requirement by demonstrating exceptional circumstances warranting federal intrusion in his ongoing state court proceeding. Accordingly, pretrial habeas interference by this Court is not permitted and the petition should be dismissed, without prejudice. *See Braden*, 410 U.S. at 493.

## Certificate of Appealability

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, reasonable jurists could not debate that Petitioner failed to exhaust his state remedies prior to filing his habeas petition with this Court. Accordingly, it is appropriate that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## **RECOMMENDATION**

It is recommended that Petitioner's pending Motions (R. Doc. 11 and 13) be denied. It is further recommended that Petitioner's application for habeas corpus relief be dismissed without prejudice and that, in the event Petitioner pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on July 27, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**